Not for Publication

**United States District Court
for the District of New Jersey**

| | |
|---|---|
| WAYNE EDUCATION ASSOCIATION,<br>            *Plaintiff*,<br><br>      v.<br><br>WAYNE BOARD OF EDUCATION and DR.<br>RAYMOND A. GONZALEZ, Superintendent of<br>Schools,<br><br>            *Defendants*. | Civil No: 14-492 (KSH)<br><br><br>**Opinion** |

**Katharine S. Hayden, U.S.D.J.**

The Wayne Education Association (the "Association") commenced this action challenging the constitutionality of two policies enacted by the Wayne Board of Education (the "Board"). The Association claims that the policies attempted to regulate "outside activities" of teaching staff and therefore violated the speech and association rights of Association members under the United States and New Jersey Constitutions. Before the Court is the Board's motion to dismiss the complaint in which defendant argues that, because the policies have since been revised in a manner satisfactory to the Association, the instant matter is now moot.[1] For the following reasons, the Court agrees.

I. **Background**

The Association commenced this action in January 2014, seeking a declaration that that two Board policies were unconstitutional—Policy 3230(4), which prohibited teaching staff members from "campaign[ing] on school grounds during their work day," and Policy 3230(1),

---

[1] On April 8, 2014, before this motion was filed, the Association stipulated to dismissal of Dr. Raymond A. Gonzalez. [D.E. 12.]

which "advised" the teaching staff "to refrain from conduct, associations, and offensive speech that, if given publicity, would tend to have an adverse or harmful effect upon pupils or the school community."  (Complaint, ¶¶ 10-11.)  The Association claims that this language "pertain[s] to matters of speech and association, [is] unconstitutionally vague and/or overbroad, and infringe[s] upon the Association members' First Amendment rights."  (Complaint, ¶1.)

On March 27, 2014, approximately ten weeks after the complaint was filed, the Board revised both challenged policies in response to this litigation.  According to the defendant, the Board then shared the revised policies with counsel for the Association and asked "(i) whether the revised policies were acceptable to the Association; and (ii) if so, whether the Association, having obtained the relief demanded in the Complaint, intended to discontinue [the] litigation." (Harrison Aff., ¶3.)  The Board submits that the Association "responded positively to the former question and negatively to the latter."  (Harrison Aff., ¶4.)  The Board now argues that "[a]ll causes of action articulated in the Complaint are moot" because the policy revisions "cure any constitutional infirmities alleged" (Answer, Second Separate Defense) and moves to dismiss the complaint on that basis.

## II.    Discussion

An action becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).  The question underlying this analysis is not "whether the precise relief sought at the time ... [the case] was filed is still available"—rather, "[t]he question is whether there can be any effective relief." *Earth Island Inst. v. United States Forest Serv.,* 442 F.3d 1147, 1157 (9th Cir. 2006).  Consequently, mootness may, in some cases, arise from the fact that the defendant acted

voluntarily to dispose of the plaintiff's original claim for relief.  *See DeJohn v. Temple Univ.,* 537 F.3d 301, 309 (3d Cir. 2008).

It remains well-settled, however, that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice if there remains a possibility that the plaintiffs will be disadvantaged in "the same fundamental way." *Northeastern Fla. Chapter of Assoc. Gen. Contractors of Am. V. City of Jacksonville*, 508 U.S. 656, 662 (1993).  To achieve dismissal on mootness grounds in such a scenario, the defendant must demonstrate that "there is no reasonable expectation that the wrong will be repeated."  *Id.* at 662; *see also Friends of the Earth, Inc. v. Laidlaw Envt'l Services,* 528 U.S. 167, 189 (2000) ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.").  The Third Circuit instructs that at least two factors are significant to this analysis:  (1) the length of time before, and the circumstances under which, the defendant changed the challenged policy; and (2) whether the defendant "continue[d] to defend not only the constitutionality of its prior [policy], but also the need for the former policy." *DeJohn,* 537 F.3d at 309.

Here, the Board took action to revise the challenged policies within roughly 10 weeks of this litigation, and submits that modifications were made "in order to cure their alleged constitutional infirmities while maintaining the permissible goal of the policies to prohibit conduct deleterious to the efficient operation of the schools." (Defendant's Br. at 3).  Counsel for the Board thereafter conferred with counsel for the Association to ensure that the revisions satisfied plaintiff's concerns.  The Association "responded favorably" to this request, and later admitted that it had "no objection to any provision" of either revised policy.  (Harrison Aff., Ex. D, Plaintiff's Response to Defendant's Requests for Admissions).  The Association nonetheless

3

maintains that, notwithstanding their approval of the new policies, the action is not moot because it is not "absolutely clear" that the wrongful behavior might recur. Specifically, and in support of this contention, the Association points to the Board's failure to "acknowledge[] the illegality of its former policies"; the allegedly "simple and expedient" nature of the revision process; and the fact that "Board membership may change" in the future.

These concerns, however, are based largely on speculation, and—true to the maxim that actions speak louder than words—are insufficient to rebut this Court's reasonable expectation that the alleged constitutional violation will not recur. The Board acted swiftly to revise the allegedly unconstitutional policies—the new policies were proposed and approved before discovery was exchanged in this action, and even before an initial status conference was held. *See New Jersey Cable Telecommunications Ass'n v. Fox*, 2009 WL 749579, at *8 (D.N.J. Mar. 18, 2009) (Linares, J.) (finding it significant for mootness purposes that "[t]his case is less than a year old and no discovery has taken place; in fact, an initial status conference has yet to take place."). Furthermore, the Board is not now "defending the validity of the prior version of the policy" and has renounced "any intention to revert to the replaced policy." The Association does not dispute the truth of the Board's position; it argues only that such statements are alone insufficient to render this action moot. Coming from a government actor, however, the Board's conduct and representation go a long way toward establishing that the controversy here is extinguished. *See Sossamon v. Lone Star State of Tex.,* 560 F.3d 316, 325 (5th Cir. 2009) ("Without evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing."). Finally, the Board characterizes the revised policies as "*maintaining* the permissible goal of … prohibit[ing] conduct deleterious to the efficient operation of the schools," which indicates that it has no *need* to return to the prior version. *See DeJohn*, 537 F.3d at 310 (rejecting

4

mootness argument where the defendant "defended and continues to defend not only the constitutionality of its prior [policy], but also the *need* for the former policy") (emphasis in original).

Taken together, the Board's conduct makes clear that "there is no reasonable expectation" that the challenged policy will be revived after this lawsuit is dismissed. The Association's claims and requests for injunctive and declaratory relief therefore are moot.

**III.    Conclusion**

The Board's motion to dismiss [D.E. 20] is granted and the complaint is dismissed. An appropriate order will be entered.

/s/ Katharine S. Hayden
Date: June 30, 2015                                                     Katharine S. Hayden, U.S.D.J.

5